

```
FILED
U.S. DISTRICT COURT
EASTERN
2000 APR 25  P 4: 56
LORETTA G. WHYTE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDMOND OUSSET** | **CIVIL ACTION** |
| **VERSUS** | **No. 00-0074** |
| **WESLEY P. TAYLOR, ET AL.** | **SECTION "K"(3)** |

### ORDER AND REASONS

Before the court is a motion to dismiss filed by Richard P. Ieyoub, Attorney General of Louisiana, pursuant to FRCP Rule 12(b)(1) and (6) on the following grounds: (1) lack of subject matter jurisdiction because the Eleventh Amendment to the Constitution of the United States bars suits in federal district court against this defendant; (2) lack of subject matter jurisdiction because there is no ripe "case" or "controversy" within the meaning of Article III of the Constitution of the United States; and (3) the complaint fails, in whole or in part, to state a claim against the defendants for which relief can be granted. Having reviewed the pleadings, memoranda, and relevant law, the court finds the motion to be meritorious.

### BACKGROUND

Edmond Ousset, plaintiff property owner ("plaintiff"), was and remains the owner of immovable property and improvements located at 6020 Hayne Blvd., New Orleans, and has been

```
DATE OF ENTRY
APR 26 2000
```



advised in a formal notice of judgment that he may be subject to criminal prosecution as a result of the alleged violations cited in the Notice of Judgment. Ousset filed a complaint on January 10, 2000 alleging that employees of the City of New Orleans have violated plaintiff's constitutional privilege against self-incrimination and the right to due process.

Plaintiff also challenges the provisions of Act No. 1229 of the 1999 Regular Session of the Louisiana Legislature ("Act"), which enacted La. R.S. 14:107.3. Plaintiff does not allege that any prosecution under the Act has yet occurred, but rather asserts that "[a]ny criminal prosecution or enforcement of the Act ... would result in a deprivation of plaintiff's hereinabove-enumerated rights under color of law. 42 U.S.C. § 1983." The effective date of the Act was August 15, 1999. Since that date the Ousset does not allege that he has been arrested, cited, warned, threatened with prosecution, or actually prosecuted under the new La. R.S. 14:107.3.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. This court may dismiss an action for lack of subject matter jurisdiction by reference to any of the following: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The Court must examine whether plaintiffs have sufficiently alleged a basis for subject matter jurisdiction, taking all of their allegations in the complaint as true. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 510 (5th Cir. 1980).

The Court grants a motion to dismiss for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss. Inc., v.*

*City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). When grounds for dismissal may exist under both Rule 12(b)(1) and Rule 12(b)(6), the Court should dismiss only under the former without reaching the question for failure to state a claim. *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). The court's dismissal for lack of subject matter jurisdiction is not a decision on the merits and does not prevent the plaintiff from pursuing the claim in a court of proper jurisdiction. *Id.* Because this Court finds that plaintiff's claims against Attorney General Richard Ieyoub must be dismissed under Rule 12(b)(1), it does not address the legal standard for Rule 12(b)(6).

## ELEVENTH AMENDMENT

Defendant contends that plaintiff's claims against Attorney General Richard Ieyoub should be dismissed for lack of subject matter jurisdiction because he is shielded by Eleventh Amendment immunity. The Eleventh Amendment precludes actions brought against a state in federal court by its own citizens or citizens of another state, absent consent, waiver, or abrogation of the state's sovereign immunity. U.S. Const. Amend. XI; *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347 (1974). However, the Supreme Court has carved out an exception to Eleventh Amendment immunity for suits seeking declaratory or injunctive relief against state officials who violate federal law. *Ex Parte Young*, 209 U.S. 123, 159-60, 28 S.Ct. 441, 454 (1908).

The Supreme Court in *Ex Parte Young* held that, before a state officer can be joined as a party in an action challenging the constitutionality of a state statute, "such officer must have some connection with the enforcement of that act." 209 U.S. at 157. The state official's connection with the enforcement of a challenged act can arise out of the statute at issue or out of

his general duties. *Id.; Allied Artists Pictures Corp. v. Rhodes*, 473 F.Supp. 560, 565 (S.D. Ohio 1979), aff'd 679 F.2d 656 (6th Cir. 1982).

In *Okpalobi v. Foster*, the Fifth Circuit vacated the only case in which it had analyzed *Ex Parte Young*'s "some connection" requirement; however, *Okpalobi* is pending rehearing and lacks precential value. 190 F.3d 337 (5th Cir. 1999), reh'g en banc granted, 201 F.3d 353 (5th Cir. 2000). Nonetheless, in *Fox v. Reed*, 2000 WL 288379 (E.D. La. March 16, 2000), Judge Vance looked to case law from other circuits, including the authorities referred to in *Okpalobi*, in its discussion of the *Ex Parte Young* standard.

The *Fox* court noted that "[fe]deral courts have construed *Ex Parte Young* narrowly and have held that the requisite connection exists only when the state official has the authority to enforce the challenged statute and has shown an intention to enforce it." *Fox* at *3, (citing cases from the 6th, 7th, 9th and 11th Circuits).

In *Fox*, the plaintiffs claimed that a Louisiana statute was unconstitutional and brought an action for a declaratory judgment and injunction against Louisiana's Attorney General. In accordance with the jurisprudence of other circuits, the court inquired into whether the Attorney General had a sufficient connection with the enforcement of the statute to make him a party defendant. *Fox*, 2000 WL 288379 at *4. The court noted that the statute did not specifically create any duty of enforcement, so the court looked to the general law governing the enforcement powers of the Attorney General of the State of Louisiana.[1] *Id.*

---

[1] The Louisiana Attorney General's powers and duties are set forth in Article IV, Section 8 of the Louisiana Constitution of 1974, which provides:
> As necessary for the assertion or protection of any right or interest of the state, the attorney general shall have authority (1) to institute, prosecute, or intervene in any civil action or proceeding; (2) upon the written request of a district attorney, to

The *Fox* court concluded that "[d]efendants correctly observe that although Louisiana law delegates significant authority to the Attorney General to institute and prosecute civil actions, the Attorney General does not enjoy similar discretion in criminal matters." *Id.* Furthermore, the court reasoned that the Attorney General may not bring a criminal prosecution solely on his authority. *Id.* at *5. Rather, the courts and the district attorneys control whether the Attorney General has authority to prosecute for a violation of the statute. In *Fox*, neither the courts nor the district attorney had authorized prosecution.

As in *Fox*, the plaintiff here does not allege that either of the two predicates to the Attorney General's authority to prosecute such a criminal action has occurred. Moreover, the Attorney General does not have any general duty to enforce state law. The *Fox* court found that the connection between the Attorney General and the enforcement of the statute was too attenuated to invoke the *Ex Parte Young* exception and found the lack of any stated intention by the Attorney General to enforce the statute against the plaintiff or anyone else supported the conclusion. *Id.* The facts of *Fox* closely parallel those of the case before this court.

In the instant case, the Attorney General does not have the authority to enforce the challenged statute and has not expressed any intention to enforce it. The court finds that the requisite connection is lacking and that the claims against Attorney General Ieyoub should be

---

advise and assist in the prosecution of any criminal case; and (3) for cause, when authorized by the court which would have original jurisdiction and subject to judicial review, (a) to institute, prosecute, or intervene in any criminal action or proceeding, or (b) to supersede any attorney representing the state in any civil or criminal action.
The attorney general shall exercise other powers and perform other duties authorized by this constitution or by law.

dismissed because the Eleventh Amendment bars plaintiff's claims. Because the Eleventh Amendment bars plaintiff's claims against the Attorney General, the court does not reach the ripeness or failure to state a claim issues raised by Attorney General Ieyoub. Accordingly,

**IT IS ORDERED** that defendant's Motion to Dismiss Ousset's claim against the Attorney General is hereby **GRANTED**.

New Orleans, Louisiana, this 25th day of April, 2000.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE